IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GERALDINE HARRIS, BERNICE MILUM,
WANDA HAMILTON, EDDIE LOU SANDERS,
LISA SANDERS, and EDITH VAUGHN                    PLAINTIFFS

              v.          Civil No. 05-3006

ASTRAZENECA PHARMACEUTICALS L.P.,
ASTRAZENECA PLC, ZENECA INC., and
ASTRAZENECA U.S.                                  DEFENDANTS

## ORDER

NOW on this 21st day of September 2005, comes on for consideration plaintiffs' Motion to Remand (document #15), and from the motion, and the response thereto, the Court, being well and sufficiently advised, finds and orders as follows:

1.  Plaintiffs initially filed suit in the Circuit Court of Searcy County, Arkansas on November 30, 2004. Subsequent amended complaints were filed on December 2, 2004, December 15, 2004 and December 20, 2004. On January 14, 2005 plaintiffs' Substituted and Amended Complaint was filed.[1] The eighty-seven (87) page Substituted and Amended Complaint (hereinafter "complaint") asserts eight causes of action, including:

* violations of the Deceptive Trade Practices Act (Ark. Code Ann. § 4-88-107(a)(1));

* violations of the Unfair Practices Act (Ark. Code Ann. § 4-75-201 et seq.);

---

[1] *Another* "Substituted and Amended Complaint" was filed by the plaintiffs on January 20, 2005. It incorporates by reference the subsequent complaint and purports to attach a large volume of documents as exhibits. It makes no other changes to the complaint.

* violations of the Arkansas Medicaid Fraud False Claims Act (Ark. Code Ann. § 20-77-902);

* violations of Arkansas common law for fraud and deceit, breach of contract, promissory estoppel, unjust enrichment; and

* fixing prices or quantities of products (Ark. Code Ann. § 4-75-309).

2. On January 21, 2005, defendants AstraZeneca Pharmaceuticals L.P. (also sued as AstraZeneca U.S.) and Zeneca Inc. (hereinafter collectively referred to as "AstraZeneca") removed the matter to this Court. The remaining defendant, AstraZeneca PLC, consented to the removal.

In its Notice of Removal, AstraZeneca asserts that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1338. Specifically, AstraZeneca asserts that "this action is a 'civil action arising under any Act of Congress relating to patents,' over which jurisdiction of the federal courts is 'exclusive of the courts of the states.'" Notice of Removal, ¶ 3 (quoting 28 U.S.C. § 1338(a)). Further, AstraZeneca claims that "this Court has original jurisdiction over plaintiffs' claims of misbranding under the Federal Food, Drug, and Cosmetic Act"; and, "original jurisdiction over plaintiffs' 'unfair competition' claims under 28 U.S.C. § 1338(b)." Id.

3. Plaintiffs now move this Court to remand the matter, alleging that there is no basis for federal jurisdiction and

contending that their complaint does *not* present a federal question.  Alternatively, plaintiffs argue that AstraZeneca's notice of removal was not timely filed.

4.  28 U.S.C. §1441 provides that a case is removable from state court if it is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). In a case involving multiple causes of action, if one cause is removable, all may be removed.  28 U.S.C. §1441(c).

If at any time after removal it becomes apparent that the district court lacks subject matter jurisdiction, the case must be remanded.  28 U.S.C. §1447(c).  The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand.  In re Business Men's Assurance Company of America, 992 F.2d 181 (8th Cir. 1993).

5.  Where the asserted basis for removal is the existence of a federal question, the federal question must ordinarily be presented on the face of the complaint.

A federal defense will not support removal even if it is anticipated in the complaint, and even if it is the only real issue in the case.  A defendant "is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law."  Gore v. Trans World Airlines, 210 F.3d 944 (8th Cir. 2000).

-3-

Further, according to the Supreme Court of the United States in <u>Christianson v. Colt Industries Operating Corp.</u>,

> it is not necessarily sufficient that a well-pleaded claim alleges a single theory under which resolution of a [federal]-law question is essential. If 'on the face of a well-pleaded complaint there are . . . reasons completely unrelated to the provisions and purposes of [federal law why the [plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not 'arise under' those laws. Thus, a claim supported by alternative theories in the complaint may not form the basis for [federal question] jurisdiction unless [federal] law is essential to each of those theories.

486 U.S. 800, 810 (1988).

6. As set forth above, plaintiffs' complaint asserts eight *state-law* claims arising from the development and marketing of the patented, prescription drug Nexium. In their prayer for relief, the plaintiffs seek:

> A. Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged in this Complaint;
>
> B. Prejudgment and post-judgment interest on such monetary relief, awarded in accordance with Arkansas law;
>
> C. Because of the unconscionable, unjust, unfair, arrogant actions of AstraZeneca, the Plaintiffs are entitled to punitive damages;
>
> D. Appropriate injunctive relief;
>
> E. An order awarding Plaintiffs the cost of bringing this suit, including attorney's fees; and
>
> F. All other relief to which Plaintiffs may be entitled at law or in equity.

Substituted and Amended Complaint, p.86.

Defendants point to three specific allegations which they argue create substantial federal questions and provide a basis for federal jurisdiction. Specifically:

* the plaintiffs assert that Nexium "should be rendered a 'misbranded and an unapproved drug;'" (Substituted and Amended Complaint, p. 26, ¶ 51)

* the plaintiffs assert that "the Nexium patent should NOT have been granted and should have been rejected under 35 U.S.C. 102;" (Substituted and Amended Complaint, p. 47, ¶ 90) and,

* the complaint states that "[i]njunctive relief is also sought to prevent AstraZeneca from enforcing any and all of its U.S. patent claims regarding "Nexium," as such as those of U.S. Patent Number 6,162,816 *Crystalline form of the S-enaniomer of Omeprazole*." (Substituted and Amended Complaint, p. 51, ¶ 102)

7. Plaintiffs argue that, although the specific provisions asserted above are included in the background of their complaint, they have not asked the Court to annul the patent or sought relief based on the misbranding of Nexium. They also argue that the injunctive relief actually sought in their prayer for relief is "appropriate injunctive relief" and that such injunctive relief could be awarded under plaintiffs' state law claims.

8. The provisions which arguably support federal question jurisdiction are in sections of the lengthy complaint which appear to serve as background information. Plaintiffs' statement of

their causes of action -- which begin on page 73 of the complaint -- are clearly distinguishable from the factual sections and are plainly set forth.  Further, plaintiffs have represented to the Court that they do not seek to have the Court annul the patent or seek any relief based on the misbranding of Nexium.  Finally, the Court notes that, indeed, the injunctive relief sought can be obtained under asserted theories entirely unrelated to federal law.  *See* Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988).

9.  The foregoing factors, coupled with the requirement that all doubts concerning the existence of federal jurisdiction are to be resolved in favor of remand, move the Court to conclude that it lacks subject matter jurisdiction over this matter.  *See* In re Business Men's Assurance Company of America, 992 F.2d 181 (8th Cir. 1993).  Accordingly, for the foregoing reasons, the Court finds that plaintiffs' motion to remand should be granted.

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion To Remand is **granted**, and the Clerk of Court is directed to remand this matter to the Circuit Court of Searcy County, Arkansas, Third Division.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE